IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WAKEE THAO,

                      Plaintiff,

     v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                      Defendant.

OPINION AND ORDER

14-cv-34-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Wakee Thao is seeking judicial review of the adverse ruling of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying his application for Supplemental Security Income.  Plaintiff contends that the administrative law judge hearing his appeal erred in two ways: (1) he did not base his decision upon substantial evidence and (2) he did not afford the treating physician's opinion sufficient weight.  A review of the record shows that the administrative law judge did have substantial evidence to support his decision and that he had good reasons for not giving the treating physician's opinion more weight than he did.  Accordingly, defendant's decision will be affirmed.


RECORD FACTS

      Plaintiff was born in Laos in 1953.  He never went to school but joined the army at

age 14 and fought with the United States against the Vietnamese. He lived in Thailand for 26 years after escaping from Laos and worked for the last 14 of those years as a farmer.

In 2004, plaintiff emigrated to the United States with his wife and five children. His wife is employed but plaintiff has not worked in any substantial gainful activity since coming here. He applied for Supplemental Security Income on February 7, 2011, alleging disability in the form of diabetes mellitus type 2 and strain in his back and right shoulder.

On September 19, 2012, an administrative law judge held a hearing on plaintiff's claim, AR 49-78, at which he was represented by counsel. Through an interpreter, plaintiff testified that he had spent seven years in the United States taking classes in English as a Second Language, riding his bike to school for 40 minutes in each direction. Hrg. trans., AR 66-67. He said that his efforts to learn English were unsuccessful, but that he had a driver's license and drives his wife and children to work and to school each day. Id. at AR 64. Plaintiff told the administrative law judge that he was not gardening. Id. at AR 67. Plaintiff said also that he had trouble sitting and standing and that at times he was unable to do the cooking for his family. Id. at AR 67-68. In addition to his diabetes and his back and shoulder strain, plaintiff complained of low back pain, shooting down to his leg, and tinnitus, both of which conditions had their onset when he was still in the army in the 1970s. Id. at 62.

Following the hearing, the administrative law judge issued his decision. In the usual case, this involves undertaking the five-step evaluation required under 20 C.F.R. § 416.920 of the Social Security regulations to determine whether the claimant has established

disability. The first step is determining whether the claimant has engaged in any substantial gainful activity since he applied for benefits; the second is determining whether the claimant has one or more severe, medically determinable impairments, that is, impairments that have significantly limited him from performing basic work related activities for 12 consecutive months; the third step is whether the severe impairments meet or equal the criteria of an impairment listed in the regulations; the fourth step is determining the claimant's residual functional capacity and whether it is sufficient to allow the claimant to perform his past relevant work; and the fifth step is determining whether the claimant can perform any other work in light of his residual functional capacity, age, level of education and work experience. Depending on the answer at each step, the administrative law judge need not continue the evaluation.

In plaintiff's case, the administrative law judge reached his decision at the second step, after finding first that plaintiff had not engaged in any substantial gainful activity since applying for benefits. At the second step, he found that, although plaintiff had two medically determinable impairments (diabetes mellitus and back/right shoulder strain), neither impairment was severe enough to significantly limit his ability to perform basic work related activities for 12 consecutive months, as the regulations require. 20 C.F.R. § 416.905. He noted that plaintiff had been treated for diabetes since at least 2009, well before his application for benefits, and had no evidence of complications; he wore glasses only for reading and his eye examinations showed no vision problems or retinopathy. (Diabetic retinopathy is a complication of diabetes affecting the eyes.

3

http://www.mayoclinic.org/diseases-conditions/diabetic-retinopathy/basics/definition/con-20023311 (visited Nov. 24, 2014)). He went on to find that plaintiff's only other alleged impairment, his back and shoulder strain, stemmed from a November 2010 motor vehicle accident and had been resolved with physical therapy. X-rays had revealed no evidence of degenerative changes.

In finding that plaintiff had no severe impairments, the administrative law judge took into consideration plaintiff's progress notes, in which plaintiff had reported his indoor and outdoor jogging, his bicycling, garden, house cleaning, shoveling during the winter months and gardening. AR 21. In addition, he considered reports from plaintiff's medical providers for the period May 24, 2010 through January 2012, indicating that plaintiff was "not in any distress," that his gait and station were normal, that he had normal muscle strength in his arms and legs and that "he was able to move easily from the chair to the bedside table," AR 21 (quoting AR 221), and that after a second vehicular accident in 2012, he had denied any exacerbation of his back pain. AR 22.

Next the administrative law judge explained why he found Dr. Cheng Her's August 12, 2012 assessment of plaintiff's physical condition unconvincing. Among other restrictions, Dr. Her had limited plaintiff to sitting or standing for an average of 15-30 minutes in one period, sitting or standing less than two hours in an eight-hour work day and needing hourly breaks of 15-30 minutes. AR 282-83. Her also said that plaintiff was limited in the use of his right arm "as it pertains to his chronic right arm/shoulder range of motion," AR 283; he would be absent from work more than two days each; and his limitations were permanent and

would extend to operating a vehicle or machinery eight hours a day. Id.

The administrative law judge found that Dr. Her had not supported his assessment with any objective medical evidence and, as of his January 2012 examination, had noted that plaintiff had normal range of motion in his back, normal strength, muscle tone, reflexes and sensation, with no evidence of muscle atrophy. AR 21-22 (citing AR 273). He was also aware that plaintiff had been doing a lot of gardening work and had been doing so for three or four years. AR 22 (citing Her's June 8, 2012 progress notes, AR 279). In the administrative law judge's opinion, Her's assessment did not demonstrate that plaintiff had any severe impairment. Id. Rather,

> Her seemed to have completed this assessment based upon the plaintiff's subjective complaints rather than objective findings. For instance, while Dr. Her stated that the claimant would have limitations in his ability to use of [sic] hands, fingers, or arms, this is not objectively supported in Dr. Her's progess notes (Exhibit 8F). Although Dr. Her stated that the claimant would need to take hourly breaks of about 15 or 30 minutes, I find that such a limitation is speculative at best and, again, is not supported by any objective medical evidence.

Id. Instead of accepting Dr. Her's assessment, the administrative law judge accorded "great weight" to the opinions of two agency physicians, Dr. Ronald Shaw and Dr. Mina Korshidi, that plaintiff's medically determinable impairments were non-severe. Id. (citing AR 253 & 259).

OPINION

Plaintiff raises several objections to the administrative law judge's decision. He starts by saying that it was error to end the case at the step 2 stage because that step is meant to be

5

only a *de minimus* standard. Quoting SSR 96-3p, which provides that "an impairment(s) that is 'not severe' must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities," plaintiff argues that the medical evidence shows that he has the severe medical conditions of uncontrolled diabetes and degenerative changes of his cervical spine. In fact, the medical evidence does not show that plaintiff's diabetes is "uncontrolled," despite plaintiff's failure to take his medication. (Whether this failure is the product of plaintiff's disinclination to take Western medicine or of his lack of financial resources is unclear. A note in the record says that plaintiff told a social worker at the Gundersen Lutheran Clinic, where he was being treated, that he had no financial concerns about his prescriptions or his medical care because he had medical assistance, AR 257; at other times, he told people at the clinic that he had no money for prescriptions, e.g., AR 268, AR 274, AR 276.)

As the administrative law judge noted, plaintiff had no sign of retinopathy or other complications of diabetes and he had no objective findings to support his claim that he suffered from back and shoulder problems. Doctors had found normal muscle strength in his arms and legs, intact gait and station, normal range of motion in his back and normal muscle tone, reflexes and sensation.

Plaintiff's assertion that he had degenerative changes in his cervical spine is an odd one. The administrative law judge did not mention this impairment in his decision. The only mention of it that I can find in the record is a January 2, 2010 radiology report, in which the doctor wrote that plaintiff had "*minimal* changes of degenerative facet disease in the cervical

6

spine." AR 210 (emphasis added). Plaintiff has made no showing that the administrative law judge erred in not giving any consideration to this report, particularly in light of the doctors' findings that plaintiff had normal range of motion in his back.

In an effort to bolster his position, plaintiff adds that in January 2011, he was given an assessment of myofascial pain throughout his upper back, his right neck, interscapular region and lower back. AR 214. (The January 2011 date seems to be a mistake; the date shown on the medical record cited by plaintiff at AR 214 is January 20, 2010.) He does not explain why this diagnosis undercuts the administrative law judge's finding that he had no severe impairment. The assessment was made shortly after plaintiff's first motor vehicle accident, in support of a referral to physical therapy. The attending doctor wrote that nine weeks of physical therapy would be helpful for plaintiff; his potential for rehabilitation was good; and there were no barriers for his rehabilitation. Id.

Plaintiff refers often to his "chronic bilateral leg weakness," but he testified at the hearing that he had had this problem since he was in the army in the 1960s and 70s. As the administrative law judge wrote, this problem could not be considered a severe impairment because it had not prevented plaintiff from farming in Thailand, doing work that would have required heavy exertion as well as "a level of functioning contradictory to his allegations of severe back problems." AR 20. In addition, plaintiff had reported in 2010 that he did not have any back pain when he sat with good lumbar support. Id. (citing AR 212).

Plaintiff attaches great weight to the limitations listed by Dr. Her in his August 2012 assessment of plaintiff's ability to work. If the assessment were accurate, it might support a

conclusion that the administrative law judge had erred in finding that plaintiff had no severe impairments at step 2. But, as the administrative law judge pointed out, Dr. Her's assessment seemed to have been "based on plaintiff's subjective complaints rather than objective findings." AR 22. Her's statement in his assessment that plaintiff would have limitations in his ability to use his hands, fingers or arms cannot be reconciled with his findings upon physical examination that plaintiff had normal range of motion in his back and normal strength, muscle tone, reflexes and sensations. Accordingly, it was not an error for the administrative law judge to disregard Dr. Her's assessment.

Plaintiff argues that it was improper for the administrative law judge to rely on evidence that predated plaintiff's application when he made his finding that plaintiff did not have any severe impairments. It is true, as plaintiff maintains, that the evidence of his jogging, bicycling, gardening, shoveling and attending school four hours a day predates his February 7, 2011 application date. It is also true that the Adult Function Report he submitted on March 19, 2011 made no mention of his former activities but indicated that his family was doing all the chores, that he was in too much pain to garden and that he could not walk more than a block or two. He argues that the administrative law judge had a duty to inquire into the reasons why he could no longer engage in the activities he had engaged in a few months earlier and that the failure to make the inquiry means that the March report must be accepted as accurate.

It might have been better for the administrative law judge to question plaintiff on his alleged changes in activities, as plaintiff argues, but it was not necessary. The record is replete

8

with evidence that plaintiff's March 2011 report was inaccurate. First, there is no evidence to support the sudden decline in plaintiff's ability to engage in the activities he had enjoyed for the eight preceding years. Although one might think that such a dramatic change would be the result of a major change in his physical condition, plaintiff does not cite any medical findings to that effect or provide any explanation for his sudden inability to engage in these activities. Second, even if plaintiff believed in March 2011 that he could no longer garden, this belief turned out be wrong. As the administrative law judge noted, plaintiff told Dr. Her in August 2012 that he was making twice-a-day trips to his garden to tend his produce; he also told Her he had been farming during the preceding three years, which would have included 2011.

Plaintiff's last argument, at pages 8-10 of his reply brief, is that this court cannot consider plaintiff's credibility about his physical limitations under the recent case of <u>Hanson v. Colvin</u>, 760 F.3d 759 (7th Cir. 2014). I am disregarding this argument because plaintiff does not make a coherent argument about the relevance of the holding in <u>Hanson</u> to this case and I can find none from my reading of the case.

In concluding that plaintiff had no severe impairments at step 2, the administrative law judge took into account the reports in plaintiff's progress reports of his gardening, biking, jogging, walking, shoveling snow and cleaning his house. AR 21. Plaintiff has failed to show that the administrative law judge erred in not considering plaintiff's additional allegations of myofascial pain and bilateral leg weakness.

Plaintiff's situation is a sympathetic one. He is 61, a veteran of military action on the

side of the United States, the father of five children and apparently unable to learn the English language. He is probably deserving of financial benefits from some source. However, the Supplemental Security Income he is seeking in this case is payable only to persons who can prove under the five-step sequential evaluation process that they are not capable of performing any work that exists in significant numbers in the national economy, given their residual functional capacity, age, education and work experience. 20 C.F.R. §§ 416.912(f) and 416.960(c). Plaintiff has not made even the second step showing that he has one or more severe impairments. Therefore, I conclude that the administrative law judge's decision is supported by substantial evidence and that the acting commissioner's denial of plaintiff's application for Supplemental Security Income must be affirmed.

ORDER

IT IS ORDERED that Wakee Thao's motion for summary judgment, dkt. #8, is DENIED and the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, is AFFIRMED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 24th day of November, 2014.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge